**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

SPURWEST TRADING
COMPANY, LLC,

      Plaintiff,

v.                              CASE NO.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A"

      Defendants.

_____/

## COMPLAINT

Plaintiff, SPURWEST TRADING COMPANY, LLC ("Plaintiff" or "SPURWEST") by and through its undersigned counsel, hereby files its Complaint against the Partnerships and Unincorporated Associations Identified on Schedule "A" (collectively "Defendants") In support thereof, Plaintiff states as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Defendants for repeated violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to publish, reproduce and distribute original copyrighted works of authorship for Defendants' own commercial gains.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the claims in this action as it arises under federal law, namely, the Copyright Act of 1976 (Title 17 of the United States Code), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (designs, copyrights, trademarks and unfair competition).

3.      This Court further has jurisdiction based on 28 U.S.C. §1332 as the Plaintiff and

each of the Defendants are citizens of different states and/or countries and the amount in controversy sought is above $75,000.00.

4.　　This court also has subject matter jurisdiction pursuant to U.S.C §301.

5.　　This Court has personal jurisdiction over Defendants as Defendants each directly target and direct business activities and sales to consumers in the United States – specifically the State of Florida.

6.　　Defendants each utilize the e-commerce stores as expressly outlined and detailed in the attached Schedule A ("Online Store Names")[1].

7.　　Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Florida and this district, through the internet-based e-commerce stores accessible in Florida and operating under the respective Online Store Names.

8.　　Defendants are also subject to personal jurisdiction in this district because their illegal activities directed towards the state of Florida cause Plaintiff's injury here in the State of Florida, and Plaintiff's claims arise out of those activities.

9.　　Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

10.　　Venue is proper in Southern District of Florida, Fort Lauderdale, Florida, pursuant to 28 U.S.C. § 1391, 28 U.S.C. § 1400, and applicable case law as the Courts have long held the

---

[1] Schedule A also includes the available Seller ID and/or Business ID based on the marketplace and known information.

2

plaintiff has a choice of forum.[2]

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and not residents in the United States and therefore there is no district which an action may otherwise be brought.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, non-residents who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

**THE PARTIES**

13.     SPURWEST is a Tennessee registered limited liability company with a registered place of business at 943 Runyan Drive, Chattanooga, TN 37405 which operates a national jewelry company and ships nationwide and internationally, including within the State of Florida.

14.     SpurWest developed and sells the widely popular "Mini Belt Buckle Necklace" ("Copyrighted Work") which has generated millions of dollars in sales throughout the world since 2023:



---

[2] [A] "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Surgical Outcome Support, Inc. v. Plus Consulting, LLC,* 2008 U.S. Dist. LEXIS 65840 at *9 (S.D. Fla. July 30, 2008) (citing to *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)).

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

15. SpurWest's clientele includes celebrities such as country superstars Lainey Wilson, Tanner Adell, Miranda Lambert and Dasha.

16. On or about January 13, 2025, SpurWest received a copyright registration for its jewelry design for "Mini Belt Buckle Necklace Pendant" under Copyright Registration No. VA-0002445822. ("Copyright Registration"). *See Copyright Registration Attached as Exhibit A.*

## DEFENDANTS

17. The Defendants are the following individuals or entities who are currently known to the Plaintiff only by their Online Store Names as shown in Schedule A attached hereto.

18. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

19. Defendants are individuals and/or business entities, each of whom, upon information and belief, either resides and/or operates in foreign jurisdictions, redistributes products from the same or similar sources in those locations, and/or ships their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.

20. Upon information and belief, the Defendants are related via similar owners, suppliers, fulfillment houses and/or the individual managers.

21. Defendants are engaged in business directed toward and occurring in the State of Florida but have not appointed an agent for service of process.

22. Upon information and belief, Defendants have registered, established or purchased, and maintained their Online Store Names.

23. Defendants intentionally target their business activities toward consumers throughout the United States, including within this district in Florida, through their simultaneous

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

operation of commercial Internet based e-commerce stores via the Internet marketplace websites outlined in Schedule A.

24.     Defendants are the past and present controlling forces behind the sale of products directly infringing Plaintiff's intellectual property rights as described herein operating and using at least the Online Store Names.

25.     Defendants directly infringe on Plaintiff's Copyrighted Work by advertising, offering for sale, and selling identical and/or substantially similar version of the Copyrighted Work to consumers within the United States – including the State of Florida and this district - through Internet based e-commerce stores using, at least, the Online Store Names and additional names, websites, or seller identification aliases not yet known to Plaintiff.

26.     Defendants purposefully direct some portion of their illegal activities towards consumers in the state of Florida through the advertisement, offer to sell, sale, and/or shipment of infringing goods into the State. *See Affidavit of Investigator Attached as Exhibit B.*

27.     Upon information and belief, many defendants registered and maintained their Online Store Names for the sole purpose of engaging in illegal counterfeiting activities.

28.     Upon information and belief, Defendants will likely continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale counterfeits and infringements of Plaintiff's intellectual property rights unless preliminarily and permanently enjoined.

29.     Defendants use their Internet-based businesses to directly infringe the intellectual property rights of Plaintiff and others.

30.     Defendants' business names, i.e., the Online Store Names, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

with the sale of the infringing products of Plaintiff's Copyrighted Work are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Plaintiff.

31.     Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's right to use and license such copyrights.

32.     Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

33.     Joinder of the Defendants is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences – namely the intentional sale of infringing goods.

34.     Common questions of law or fact common to all of the defendants will arise in the action.

35.     At a minimum, each of the Defendants have violated the Plaintiff's intellectual property rights in the United States through similar or identical methods – namely the use of online e-commerce stores to sell the product while hiding the entities' identity.

36.     Joinder of the Defendants serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiffs, Defendants, and this Court.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

37.     Joinder of the Defendants will not create any unnecessary delay, nor will it prejudice any party.

38.     On the other hand, severance is likely to cause significant delays and prejudice Plaintiff and Defendants alike as there will need to be numerous lawsuits filed in this Court at or about the same time.

## BACKGROUND FACTS

39.     SpurWest has seen significant success regarding the Work and has built a thriving business selling variations of the Copyrighted Work and derivative versions of the Copyrighted Work.

40.     In early June of 2025, SpurWest became aware of Defendant's infringing product when a defendant,[3] *in a separate lawsuit,* filed a "copyright infringement" request to TikTok Shop regarding one of SpurWest's links to purchase the Copyrighted Work.

41.     SpurWest investigated further and found that they had not infringed upon anyone's intellectual property rights but learned that in fact, this party was infringing on SpurWest's intellectual property rights.

42.     This first discovery provided Plaintiff with the initial understanding of these online entities and how they operate.

43.     SpurWest began taking additional steps and methods in an effort to combat the online infringements.

44.     Through its continued efforts and diligent reviews SpurWest recently discovered the infringing sales of the Defendants listed in this Complaint.

45.     Defendants are promoting, advertising, distributing, selling, and/or offering for sale

---

[3] The unrelated defendant has been named in a separate litigation and not currently involved in this matter.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

cheap copies and/or imitations of Plaintiff's Copyrighted Work throughout interstate commerce (the "Infringing Goods") through at least the Online Store Names outlined in Schedule A.

46.     Specifically, Defendants are using infringements of the Copyrighted Work to initially attract online customers and drive them to Defendants' ecommerce stores operating under the Online Store Names to earn substantial profits.

47.     Plaintiff has used the Copyrighted Work continuously and via significant online sales and promotion long before Defendants began offering goods bearing or using unauthorized reproductions or derivative works of Plaintiff's Copyrighted Work.

48.     Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods without authority to use the Copyrighted Work.

49.     Defendants advertise their e-commerce stores, including their Infringing Goods offered for sale, to the consuming public via e-commerce stores on, at least, one Internet marketplace website operating under, at least, the Online Store Names.

50.     Through the online advertising and promotion of their stores and products, Defendants improperly and unlawfully use reproductions or versions of the Copyrighted Work, or derivative thereof, expressly without Plaintiff's permission.

51.     As part of the overall infringement scheme, the Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of infringements of the Copyrighted Work.

52.     Specifically, Defendants are using infringements of the Copyrighted Work in order to make their e-commerce stores selling subpar goods appear more relevant and attractive to

8

consumers searching for both Plaintiff's Copyrighted Work and goods sold by the Defendants online.

53.     By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine Copyrighted Work and its associated products.

54.     Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete and operate within the space of optimizing search engine results and reducing the visibility of Plaintiff's genuine Copyrighted Work on the Internet, (ii) causing an overall deprivation of the value of the goodwill associated with Plaintiff's business and its intellectual property assets, and (iii) increasing Plaintiff's overall cost to market its Copyrighted Work and educate consumers via the Internet.

55.     Defendants are concurrently conducting and targeting their infringing activities toward consumers and likely causing unified harm within this district, the State of Florida and elsewhere throughout the United States.

56.     As a result, Defendants are defrauding Plaintiff and the consuming public for each of their own benefit.

## COUNT I – COPYRIGHT INFRINGEMENT
(U.S. Copyright Reg. No. VA-0002445822)

57.     SpurWest adopts and incorporates the allegations of paragraphs 1-56 as if fully set forth herein.

58.     SpurWest owns a valid copyright registration for the Copyrighted Work, specifically the jewelry design of the Copyrighted Work, which has been impermissibly copied, displayed, sold and distributed by Defendants. *See Exhibit A.*

9

59. Such registration complies with 17 U.S.C. §411(a) as such, Plaintiff has standing to bring this action.

60. SpurWest has the exclusive right to, among other things, reproduce, distribute, publicly display, and authorize such reproduction, distribution, and the Copyrighted Work.

61. Defendants have copied, distributed, reproduced and/or displayed the Copyrighted Work for its own commercial use and profits, in violation of 17 U.S.C. § 106 et seq., as follows:

a. Defendants have created an identical, or at a minimum a substantially similar version of the Copyrighted Work, specifically the protected aspects of the jewelry design of the Work. *See Composite Exhibit C – Examples of Infringement*

b. Upon information and belief, the Defendants have or will profit from their infringing use of Copyrighted Work through sales as advertised on through the Online Store Names;

c. Defendants have distributed and sold the Infringing Goods an unknown number of times, but upon information in belief more than 50,000 sales have been made.

62. In violating 17 U.S.C. § 106 et seq., Defendants have infringed on SpurWest's copyrights in the Copyrighted Work in accordance with 17 U.S.C. § 501.

63. Each infringement of the Copyrighted Work by Defendant constitutes a separate and distinct act of infringement.

64. At a minimum, Defendants have been on notice of Plaintiff's ownership in the Copyrighted Design since Plaintiff began selling the Copyrighted Work in 2023.

65. Defendants' use of the Copyrighted Work is willful, in reckless disregard of, and

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

with indifference to the rights of SpurWest.

66.     The infringement has caused SpurWest to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

67.     Defendants profited and continues to profit from the direct copyright infringement of the exclusive rights of Plaintiff in the Copyrighted Work at issue in this case.

68.     Upon information and belief, this type of infringement is a business practice of the Defendants and the Defendants routinely and intentionally infringe the intellectual property rights of others, including the Plaintiff.

69.     As a direct and proximate result of the Defendants' acts of copyright infringement, Plaintiff has been damaged by the Defendants' infringement.

70.     As a direct and proximate result of the Defendants' infringement, Plaintiff is entitled to actual and/or statutory damages in amounts to be determined at trial.

71.     SpurWest is also entitled to recover its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

72.     In addition, SpurWest is entitled to permanent injunctive relief against each of the Defendants regarding the sale of the infringing products.

## **JURY DEMAND**

SpurWest respectfully requests a jury trial to determine the foregoing causes of action.

**WHEREFORE,** SpurWest respectfully prays that:

a.     Each of the Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendant, be permanently enjoined and restrained after this action from:

i.     Using, distributing, replicating, selling or otherwise exploiting SpurWest's

11

Copyrighted Work or a substantially similar version of the Copyrighted Work;

ii.   Using, disclosing, converting, appropriating, retaining, selling, transferring, or copying any intellectual property of SpurWest;

iii.   Doing any other act or thing likely to, or calculated to, induce the belief that Defendants created or in any way assisted in the development and creation of the Work or that Defendant's use of the Work is in any way endorsed by SpurWest;

iv.   Committing any acts calculated to cause consumers to believe that Defendants' inferior products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

v.   otherwise competing unfairly with Plaintiff through the unauthorized use of the Copyrighted Work in any manner;

vi.   Operating and/or hosting websites at the Defendants' Internet stores and any other domain names registered or operated by the Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product through the unauthorized use of the Copyrighted Work.

b.   Within ten (10) days after the entry of an order for permanent injunction, Defendants be required to turn over any of the Infringing Goods substantially similar to the Copyrighted Work, in any form or in the alternative, Defendants, each of its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be required to destroy any and all physical products in their possession bearing the

12

Copyrighted Work or any colorable imitation thereof;

c.        SpurWest recover Defendants' profits as well as the damages sustained by SpurWest due to Defendants', infringement of SpurWest's Copyrighted Work, such amount of profits and damages to be trebled;

d.        Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon SpurWest a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the permanent injunction;

e.        Entry of an Order that, upon Plaintiff's request, those in privity with the Defendants and those with notice of the injunction, including, Amazon, TikTok Shop, Etsy, eBay, social media platforms such as Facebook, YouTube, Instagram, TikTok, LinkedIn, X, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendants' Online Store Names, and domain name registrars ("Third Party Providers"), shall:

        i.        disable and cease providing services for any accounts through which the Defendants engage in the sale of the Infringing Goods by using, without. authorization, any version of the Copyrighted Work or a substantially similar version, including any accounts associated with the Defendants listed on Schedule "A";

        ii.        disable and cease displaying any advertisements used by or associated with the Defendants;

        iii.        take all necessary steps to prevent links to the Defendants' Online Store Names identified on Schedule "A" from displaying in search results, including, but not limited to, removing links to Defendants' domain names from any search index.

13

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

e.      This Court award SpurWest such damages, including compensatory and punitive damages, as are appropriate in view of Defendants' ongoing conduct, including its willfulness;

f.      Defendant, be required to pay SpurWest the costs of this action, together with reasonable attorney's fees and costs;

g.      Award, at SpurWest's election, actual damages or Defendant's profits for each violation; and

h.      SpurWest will receive such other and further relief as this Court deems just, fair, and equitable.

i.      Any further relief this Honorable Court deems just;

Dated: April 23, 2026                  Respectfully submitted,
                                       By:   /s/KELLY ANN M. DESROSIERS
                                       Kelly Ann M. desRosiers, Esq.
                                       Florida Bar No. 1017878
                                       Kelly@LomnitzerLaw.com
                                       Lorri Lomnitzer, Esq.
                                       Florida Bar No. 37632
                                       Lorri@LomnitzerLaw.com

                                       THE LOMNITZER LAW FIRM, P.A.
                                       7999 N. Federal Highway, Suite 202
                                       Boca Raton, FL 33487
                                       Telephone: (561) 953-9300
                                       Fax: (561) 953-3455
                                       *Attorneys for Plaintiff*

14